UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Timothy Jay Newell,<br><br>                       Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security,<br><br>                       Defendant. | Case No.: 16-cv-0844-AJB-KSC<br><br>**ORDER REJECTING IN PART THE REPORT AND RECOMMENDATION (Doc. No. 24);**<br><br>**GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 17); AND**<br><br>**DENYING DEFENDANT'S CROSS-MOTION (Doc. No. 21).** |

When an Administrative Law Judge gives great weight to a doctor's opinion regarding a claimant's limitations, the ALJ must also accurately describe those limitations to a Vocational Expert. In this case, the ALJ's failure to include an "at or above" shoulder level restriction in a hypothetical to the VE constituted reversible error. Thus, the Court **REJECTS IN PART** the Report and Recommendation, **GRANTS** Plaintiff's summary judgment motion, **DENIES** Defendant's cross-motion, and **REMANDS** the case.

## I. BACKGROUND

Plaintiff Timothy Jay Newell filed for disability in 2012, claiming shoulder and knee injuries prevented him from working. (AR 70, 82, 100, 148-154, 175.) In 2014, the ALJ held Newell's hearing. (AR 41-69.) Both Newell and a VE testified. (*Id.*) During the VE's examination, the ALJ gave the VE a hypothetical, which proposed an individual with a

1

limitation of (among other things) "no lifting **above** shoulder level with the non-dominant upper extremity." (AR 66 (emphasis added).) Given Newell's above-shoulder limitation (among others), the VE found Newell could work as a security guard or a vocational training instructor. (AR 35.) At the end of the hearing, the ALJ ordered an orthopedic evaluation. (AR 68.) The orthopedic examiner, Dr. Close, found Newell "should be limited to no reaching, handling **at or above** shoulder level." (AR 516 (emphasis added).)

The ALJ subsequently adopted Dr. Close's findings in part, stating "the shoulder limitations proposed by Dr. Close are consistent with the record as a whole." (AR 30.) The only disagreement the ALJ had with Dr. Close's findings was that the ALJ believed Newell was more limited than what Dr. Close had established, explaining he found "the claimant has greater exertional limitations than Dr. Close proposes . . . ." (AR 30.) The ALJ also adopted the VE's opinions, finding that Newell "is capable of performing past relevant work as a Security Guard and Teacher, Vocational Training. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity." (AR 35.) The ALJ accepted Dr. Close's finding that Newell could not reach or handle at or above shoulder level, but he did not reconcile the discrepancy between Dr. Close's findings and the omitted limitation from the VE's hypothetical.

After filing cross-summary judgment motions, the magistrate judge issued a Report and Recommendation on July 21, 2017. (Doc. No. 24.) The R&R recommended denying plaintiff's summary judgment motion and granting defendant's cross-motion. (*Id.* at 2.) The magistrate judge found (1) the ALJ properly proffered post-hearing evidence to Newell's counsel; (2) the hypothetical given to the VE was sufficient; (3) Dr. Close's opinions were supported by substantial evidence; (4) the ALJ gave specific and legitimate reasons to disregard the treating doctors' opinions; and (5) the ALJ gave specific, clear, and convincing reasons to reject Newell's testimony. (*Id.* at 16, 18, 19, 23, 29.)

Newell only objected to ground two of the R&R, regarding the hypothetical given to the VE. (Doc. No. 25.) The Court, after reviewing Newell's objection and the R&R, rejects the R&R in part on ground two only, remanding for a limited purpose.

2

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's report and recommendation. The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Remsing*, 874 F.2d 614, 617–18 (9th Cir. 1989).

An unsuccessful applicant for social security disability benefits may seek judicial review of a final agency decision. 42 U.S.C. § 405(g). However, "[f]or highly fact-intensive individualized determinations like a claimant's entitlement to disability benefits, Congress 'places a premium upon agency expertise, and, for the sake of uniformity, it is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency.'" *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 621 (1966)). Accordingly, a reviewing court must "follow three important rules in [its] analysis of the ALJ's decision." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015).

First, the Court "leave[s] it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Treichler*, 775 F.3d at 1098. Second, the Court must "disturb the Commissioner's decision to deny benefits 'only if it is not supported by substantial evidence or is based on legal error.'" *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)); *see Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Third, "[e]ven when the ALJ commits legal error, we uphold the decision where that error is harmless, 'meaning that it is inconsequential to the ultimate nondisability determination,' or that, despite the legal error, the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." *Treichler*, 775 F.3d at 1098 (internal quotation marks and citations omitted.)

## III. DISCUSSION

Newell objects to the R&R arguing the VE was given an incomplete hypothetical upon which the ALJ erroneously relied. (Doc. No. 25 at 5.) Newell disagrees with the R&R's opinion that "the ALJ's hypothetical question to the VE was sufficient," (Doc. No. 24 at 18), arguing it did not fully state his limitations because it omitted the subsequently found "at or above shoulder level" limitation, and only stated an "above shoulder level" limitation. This distinction—"**above**" shoulder level versus "**at or above**" shoulder level—underpins both Newell's objection and this Court's holding.

At step five of the sequential evaluation process, an ALJ may use a VE's testimony to meet their burden of showing there are a significant number of jobs available in the national economy that a claimant can perform given their specific limitations. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). "Hypothetical questions posed to a [VE] must include all the substantial, supported physical and mental limitations of the particular claimant." *Mui Si Voong v. Astrue*, 641 F. Supp. 2d 996, 1009 (E.D. Cal. 2009) (citing *Flores v. Shalala*, 49 F.3d 562, 570–71 (9th Cir. 1995)); *see, e.g.*, *Terrazas v. Astrue*, 726 F. Supp. 2d 1139, 1147 (E.D. Cal. 2010) ("A hypothetical question posed to a VE must include all impairments supported by substantial evidence."). However, "[r]eliance on a hypothetical that fails to include all accepted limitations is insufficient to carry the agency's burden of proving the ability to engage in alternative work." *Terrazas*, 726 F. Supp. 2d at 1147. Indeed, "[i]f a hypothetical does not reflect all the functional limitations, the [VE's] testimony as to available jobs in the national economy has no evidentiary value." *Voong*, 641 F. Supp. 2d at 1009.

Newell argues his case should be remanded because the ALJ failed to elicit the VE's testimony regarding his more restricting "**at or above**" shoulder limitation. Two California cases have held there is a substantive difference between "at or above shoulder level" and "above shoulder level." *Terrazas*, 726 F. Supp. 2d at 1148; S*hafigi v. Astrue*, No. CV 08–5469–OP, 2009 WL 4267499, at *3 (C.D. Cal. Nov. 23, 2009). The Court agrees.

4

In *Shafigi*, the ALJ restricted Shafigi from all "work at or above shoulder level." 2009 WL 4267499 at *3. While the ALJ included in the VE's hypothetical a "no repetitive, **overhead** reaching or push/pull" limitation, he failed to include the "at shoulder level" limitation. *Id.* (emphasis added). The VE found Shafigi could work in sedentary jobs, such as an order clerk or a call out operator. *Id.* The ALJ denied benefits and Shafigi appealed, arguing "the ALJ posed an incomplete hypothetical to the VE." *Id.* The Court concluded "the ALJ committed legal error by failing to pose a complete hypothetical to the VE to include a limitation for work at shoulder level" because there was no indication whether the jobs the VE identified included reaching at or above shoulder level. *Id.* The Court remanded the case for further proceedings. *Id.* at *8.

In *Terrazas*, the ALJ gave "great weight" to a doctor's opinion that Terrazas could not perform repetitive work at or above shoulder level. 726 F. Supp. 2d at 1147. But, in the hypothetical proposed to the VE, the ALJ only included a restriction for "overhead work." *Id.* The ALJ subsequently relied on the VE's opinion, concluding Terrazas could perform "light and unskilled" jobs. *Id.* The *Terrazas* Court concluded "there is a substantive difference between a restriction to overhead work and work at shoulder level." *Id.* at 1148. The Court reasoned:

> Because no limitation on repetitive use of the upper extremities at shoulder level was included in the hypothetical, the VE did not address the impact such a restriction might have on Plaintiff's ability to perform these jobs. Under these circumstances, the ALJ's failure to incorporate this restriction rendered the hypothetical incomplete. As a result, his reliance on the VE's opinion to conclude that Plaintiff retained the ability to perform other work was error and warrants remand.

*Id.* at 1148–49.

Newell's ALJ—after citing Dr. Close's opinion that Newell cannot reach or handle "at or above shoulder level with his right shoulder"—gave Dr. Close's opinion "great weight," noting "the shoulder limitations proposed by Dr. Close are consistent with the record as a whole." (AR 30.) The ALJ then adopted the VE's opinion that Newell can work

5

as a security guard and an instructor. Yet, both jobs require frequent reaching and handling "from 1/3 to 2/3 of the time." DICOT 372.667-034 (G.P.O.), 1991 WL 673100; DICOT 097.221-010 (G.P.O.), 1991 WL 646924. Neither the VE nor the ALJ explained how Newell's more limiting restriction (discovered after the hearing) might impact his ability to perform either job. The Court agrees that the difference in shoulder restrictions is substantive. If an ALJ adopts a doctor's opinion on a claimant's limitations, then he must present any potential conflicts between those limitations and the DOT job descriptions to a VE for expert testimony. The Court finds the ALJ's failure to do so here problematic.

"Under SSR 00–4p, the ALJ has an affirmative duty to ask about 'any possible conflict' between the VE evidence and information provided in the DOT." *Dirksen v. Astrue*, No. 08cv617 BTM(NLS), 2009 WL 399345, at *2 (S.D. Cal. Feb. 18, 2009). In *Dirksen*, the ALJ found Dirksen was restricted from at or above should level work, yet the jobs the VE recommended included "reaching frequently or reaching constantly." *Id.* The *Dirksen* Court held that even a *potential* for conflict between the DOT job description and the claimant's limitations was reversible error because "[i]t was the ALJ's affirmative duty to ask whether there was a conflict and, if so, whether there was a reasonable explanation for it." *Id.* at *3. The Court found the 7th Circuit's reasoning in *Prochaska v. Barnhart* instructive. There, dealing with an above shoulder limitation, the VE testified Prochaska could perform jobs which required reaching frequently. *Prochaska*, 454 F.3d 731, 735–36 (7th Cir. 2006). The Court concluded that failing to explain any conflict between Prochaska's limitations and the DOT job descriptions was reversible error, stating:

> It is not clear to us whether the DOT's requirements include reaching above shoulder level, and this is exactly the sort of inconsistency the ALJ should have resolved with the expert's help. We cannot determine, based on the record, whether the expert's testimony regarding . . . reaching was actually inconsistent with the DOT. That determination should have been made by the ALJ in the first instance, and his failure to do so should have been identified and corrected by the Appeals Council. We will defer to an ALJ's decision if it is supported by "substantial evidence," but here there is an unresolved potential inconsistency in the evidence that should have been resolved.

*Id.* at 736.

Newell's case is distinct from the aforementioned cases as his full limitations were not known until after the hearing when he was examined. (AR 516.) Accordingly, because the ALJ was missing key information about Newell's limitations, he was unable to properly question the VE during the hearing. This, however, does not alleviate the ALJ's duty to reconcile conflicting evidence. Just like in *Prochaska*, the potential for conflict is present. This Court does not know—nor can mind read—whether the jobs presented require at or above level reaching and handling, or whether the ALJ considered those limitations in evaluating Newell's restrictions with the DOT in his decision. The ALJ adopted Dr. Close's findings on Newell's limitations, thus, he was required to present the VE a complete and accurate hypothetical including all Newell's limitations supported by substantial evidence. His failure to do so is reversible error.

For these reasons, the Court **REMANDS** the case for the limited purpose of determining if Newell's at or above shoulder limitations conflicts with the VE's testimony, the DOT's job descriptions, and the ALJ's findings on the jobs he can perform.

## IV. CONCLUSION

For the foregoing reasons, the Court:

(1) **REJECTS IN PART** the Report and Recommendation, (Doc. No. 24);

(2) **GRANTS** Newell's summary judgment motion, (Doc. No. 17);

(3) **DENIES** Defendant's summary judgment motion, (Doc. No. 21); and

(4) **REMANDS** the case for further limited proceedings consistent with the Court's opinion.

**IT IS SO ORDERED.**

Dated: September 27, 2017

Hon. Anthony J. Battaglia
United States District Judge